UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FLUID ROUTING SOLUTIONS, INC.,**

      **Plaintiff,**             **CIVIL ACTION NO. 09-CV-12080**

vs.

                                **DISTRICT JUDGE JOHN FEIKENS**

**DAYCO ENSA, S.L.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiff's Motion to Dismiss Without Prejudice (docket no. 12) should be **GRANTED** and Plaintiff's Complaint should be dismissed without prejudice. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (docket no. 6) should be **DENIED** as moot.

**II.**    **REPORT:**

Plaintiff filed a single claim for breach of contract against Defendant on May 29, 2009. (Docket no. 1). Defendant filed the instant Motion to Dismiss or, in the Alternative, for Summary Judgment on August 5, 2009. (Docket no. 6). In response, Plaintiff filed a voluntary Motion to Dismiss Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Docket no. 12). Defendant filed a response to Plaintiff's motion. (Docket no. 13). Plaintiff filed a Reply Brief. (Docket no. 16). The motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 14). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

1

**A. Facts and Procedural History**

Defendant is a corporation organized under the laws of Spain and doing business in Rochester, Michigan. It designs and develops exhaust gas recirculation systems for the automotive industry. Its wholly owned subsidiary is Ensa Portugal, an entity incorporated and organized under the laws of Portugal. Dytech Italy, a corporation organized under the laws of Italy, is Defendant's parent corporation.

Plaintiff's Complaint states that Plaintiff provided products and services to Defendant for which it was not paid. Attached to the Complaint are invoices for services and parts allegedly supplied by Plaintiff. In its Motion to Dismiss or for Summary Judgment, Defendant admits that it entered into an agreement with Plaintiff under which Plaintiff was required to provide services to Defendant. Defendant seeks dismissal of the Complaint on the grounds that it fails to refer to the contract between the parties, and relies instead on invoices attached to the Complaint which relate to services or parts allegedly provided by Plaintiff to Defendant's parent corporation or wholly owned subsidiary. Defendant further contends that under the parties' agreement, any dispute arising out of the contract must be referred to arbitration in London, England under the Rules of the International Chamber of Commerce. (Docket no. 6, p. 3, footnote 1).

In response to Defendant's dispositive motion, Plaintiff filed a voluntary Motion to Dismiss Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendant does not oppose the Plaintiff's motion, but seeks to have the Complaint dismissed with prejudice or seeks an award of costs and attorney's fees as a condition of dismissal.

**B. Standard**

Federal Rule of Civil Procedure Rule 41(a)(2) requires a plaintiff to seek an order of the

court or stipulation of the parties to voluntarily dismiss an action against a party who has filed an answer or motion for summary judgment. The court may grant a request for voluntary dismissal "on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court. *Banque de Depots v. Nat'l Bank of Detroit,* 491 F.2d 753, 757 (6th Cir.1974). An "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted). To protect the interests of the nonmoving party, the court should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted).

The court has the discretion to award costs and attorney's fees to the nonmoving party when a plaintiff voluntarily dismisses a suit without prejudice under Rule 41(a)(2). *Id*. at 954. Attorney's fees are not awarded when a lawsuit is voluntarily dismissed with prejudice. *Smoot v. Fox,* 353 F.2d 830, 833 (6th Cir. 1965). Among the factors considered in determining whether to award defense costs under Rule 41(a)(2) are: (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action. *Yetman v. CSX Transp., Inc*., No. 08-1130, 2009 WL 35351, at *3 (W.D.Mich.,Jan. 6, 2009) (citation omitted).

**C. Analysis**

Defendant argues that it informed Plaintiff that the breach of contract claim was meritless and was brought against the wrong party, and it should therefore be reimbursed for costs incurred in defending this action. Plaintiff argues in response that the Defendant's corporate structure is ambiguous and the breach of contract claim is not meritless. Attached to Plaintiff's reply brief is an email message sent by Plaintiff to Defendant dated before the Defendant's dispositive motion was filed in which Plaintiff requests information that would enable it to determine whether to proceed with the action in district court or proceed in a different forum. Plaintiff contends that rather than provide Plaintiff with the information it requested, Defendant chose instead to file the instant dispositive motion.

Less than six months have elapsed between the filing of the Plaintiff's Complaint and the filing of its voluntary motion to dismiss. The parties have not engaged in extensive discovery, and it appears that the Plaintiff acted in good faith in bringing the action. The Defendant does not oppose the dismissal of this action and no undue prejudice will result to the Defendant if the Complaint is dismissed. Plaintiff has shown that it attempted to resolve certain issues in this case with defense counsel prior to the time the Defendant filed its dispositive motion. The Court finds that the Plaintiff's Complaint should be dismissed without prejudice. Consequently, Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment should be denied as moot. The Court declines to award defense costs at this time.

### III.  **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 21, 2009          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December 21, 2009          s/ Lisa C. Bartlett
                                   Courtroom Deputy

5